# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GANDHI GUTTA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 04 C 5988 |
| | ) | |
| STANDARD SELECT TRUST | ) | |
| INSURANCE, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

In this ERISA case, plaintiff Gandhi Gutta seeks review of the denial of his claim for

long term disability benefits under defendant Standard Select Trust Insurance's long-term

disability plan. At the court's suggestion, Gutta filed a motion in limine to determine the

appropriate standard of review. For the following reasons, the court finds that Standard's

denial of benefits must be evaluated using the arbitrary and capricious standard of review.

## Discussion

The parties dispute whether evidence outside the administrative record is subject to

discovery. Resolution of this issue depends on the degree of discretion that the plan gives the

plan administrator, as an arbitrary and capricious standard of review applies to a discretionary

decision by a plan administrator. *See Perlman v. Swiss Bank Corp. Comprehensive Disability

Protection Plan*, 195 F.3d 975, 982 (7th Cir. 1999). If the arbitrary and capricious standard

applies, this court can only consider matters within the administrative record. *Id.*; *see also*

*Trombetta v. Cragin Fed. Bank for Sav. Employee Stock Ownership Plan*, 102 F.3d 1435,

1438 n.1 (7th Cir. 1996) (when a plan gives its administrator discretion, "[t]he only relevant

materials at the time [a district court resolves a motion for summary judgment are] the

materials that were before the [plan administrator] when it reached its decision").

An ERISA plan administrator's determination to deny benefits is reviewed de novo

"unless the benefit plan gives the administrator or fiduciary discretionary authority to

determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire &*

*Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In other words, "[w]here a plan confers

discretionary power on the plan administrator, the deferential 'arbitrary and capricious'

standard governs." *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 538 (7th Cir. 2000).

The plan's language determines the degree of discretion enjoyed by the plan's administrator.

*Id.*

Here, the plan provides that:

ALLOCATION OF AUTHORITY

Except for those functions which the Group Policy specifically reserves to the
Policyowner or Employer, Standard has full and exclusive authority to control
and manage the Group Policy, to administer claims, and to interpret the Group
Policy and resolve all questions arising in its administration, interpretation, and
application. Standard's authority includes, but is not limited to:

1. The right to resolve all matters when a review has been requested;

2. The right to establish and enforce rules and procedures for the
   administration of the Group Policy and any claim under it;

3. The right to determine:
   a. Eligibility for insurance
   b. Entitlement of insurance
   c. Amount of benefits payable
   d. Sufficiency and the amount of information that we may
      reasonably require to determine a., b., or c. above.

> Subject to the review procedure of the Group Policy, any decision Standard
> makes in the exercise of our authority is conclusive and binding.

Policy at 2; *see also* Summary Plan Description § 4(C).

The plan gives Standard discretionary authority as, among other things, it grants

Standard "full and exclusive authority" to interpret the policy, administer claims, and

determine the amount of benefits that are payable. In light of this clear and wholly

unambiguous grant of discretion, the court agrees with Standard that the discretionary standard

of review is appropriate.

This is true despite Gutta's argument that Standard may only exercise discretionary

authority if: (1) the plan explicitly reserves discretion for the plan sponsor (Gutta's employer);

and (2) the plan sponsor delegates that discretionary authority to the actual decisionmaker

(Standard). According to Gutta, although the policy gave discretionary authority to his

employer, his employer did not expressly delegate its authority to Standard so Standard's

decisions are not entitled to deferential review.

An ERISA fiduciary like Standard, however, need not follow Gutta's proposed two-

step process to acquire discretionary authority. Specifically, where a plan sponsor (such as

Gutta's employer) delegates authority to an ERISA fiduciary (such as Standard) and the

fiduciary makes a determination of benefits, the arbitrary and capricious standard applies. *See*

*Sanders v. Unum Life Ins. Co. of America*, 346 F.Supp.2d 955 (N.D. Ill. 2004). Thus,

Gutta's argument as to how a plan fiduciary can acquire discretionary authority is incorrect.

Gutta also contends that the Illinois Department of Insurance has rendered an opinion

stating that clauses granting discretionary authority violate 215 ILCS § 5/143. This section of

the Illinois Insurance Code states that the form and content of all policies for life, accident and

health insurance are required to be filed with and approved by the Director of the Illinois

Department of Insurance. *See* 215 ILCS § 5/143(1). It further provides that:

> [i]t shall be the duty of the Director to withhold approval of any such policy, . . . ,
> if it contains provisions which encourage misrepresentations or are unjust, unfair,
> inequitable, ambiguous, misleading, inconsistent, deceptive, contrary to law or the
> public policy of this State, or contains exceptions or conditions that unreasonably
> or deceptively affect the risk purported to be assumed in the general coverage of
> the policy.

The court recently addressed the precise argument raised by Gutta in *Dwyer v. Shatkin,*

*Arbor, Karlov & Co.*, No. 03 C 1118 (N.D. Ill. Jan. 20, 2005) (slip op.) (Manning, J.). In that

case, the court held that § 143 does not expressly prohibit discretionary clauses. It also noted that

the letter setting forth the Illinois Department of Insurance's opinion does not point to any

state statute, rule or regulation that expressly provides that discretionary clauses are illegal.

Moreover, it noted that the plaintiff in *Dwyer*, as here, did not contend that the policy at issue,

which contains a discretionary clause, was not properly submitted to the Illinois Department of

Insurance or that the department withheld approval of the policies at issue, which is the relief

provided by § 143. Accordingly, the court finds that the Illinois Department of Insurance's

letter criticizing grants of discretionary authority does not invalidate the discretionary clause in

this case.

## Conclusion

For the above reasons, Standard's decision must be evaluated using the arbitrary and

capricious standard of review. The parties are directed to meet and confer regarding the filing

of summary judgment motions, pursuant to the court's standing order, prior to the status

hearing on May 13, 2005. At that time, the court will set a briefing schedule for any such motions.


DATE:      April 20, 2005

_Blanche M. Manning_
Blanche M. Manning
United States District Court Judge